# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>v.<br><br>DEBORAH KAY TSCHUMY,<br><br>           Defendant. | Case No. 12cr249 BTM<br><br>**ORDER GRANTING MOTION TO SUPPRESS STATEMENTS** |

Defendant Deborah Kay Tschumy has filed a motion to suppress her videotaped statements on the ground that she invoked her right to remain silent. For the reasons discussed below, the Court **GRANTS** Defendant's motion.

## I. FACTUAL BACKGROUND

Defendant has been charged with transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

After Defendant was arrested on December 27, 2011, Defendant was transported to the El Centro Border Patrol Station. Agent Manzo commenced a videotaped interview of Defendant at 6:25 p.m.

After Agent Manzo read Defendant her Miranda rights, the following exchange took place:

1  AGENT MANZO: Do you understand your rights?
2  MS. TSCHUMY: Yes.
3  AGENT MANZO: Are you willing to answer my questions now without the
4  presence of an attorney?
5  MS. TSCHUMY: I don't have anything to say (unintelligible)
6  AGENT MANZO: Can you speak up, please. I can't hear you.
7  MS. TSCHUMY: I don't know what to say. I don't have anything – I don't even
8  know why you're questioning me about this smuggling.
9  AGENT MANZO: Well, like I said, if you're willing to talk to us, I'll explain it to
10  you why I'm questioning you, but you have to answer that question. Are you
11  willing to answer my questions now without the presence of an attorney?
12  MS. TSCHUMY: (unintelligible)
13  AGENT MANZO: (unintelligible) you need to speak up, that way I can hear
14  you. I can't hear you. It's just (unintelligible) you answer this question and you
15  say yes, I'll explain it to you. You know, I'll explain to you the questions I have
16  and why you're sitting here. If you say no, then you have a right to speak to
17  an attorney by all means.
18  MS. TSCHUMY: Yes.
19  AGENT MANZO: It's up to you.
20  MS. TSCHUMY: Yes.
21  AGENT MANZO: I'm going to ask you one more time. Are you willing to
22  answer my questions now without the presence of an attorney?
23  MS. TSCHUMY: Yes.
24  AGENT MANZO: Okay. Can you raise your right hand?
25  (Transcript of Recorded Statement (Gov't Ex. 5), 4-5.)
26  Agent Manzo proceeded to interview Defendant. After answering some questions
27  about her contacts, Defendant said, "I don't think I should say anything." (Transript at 26.)
28  Agent Manzo told Defendant that it was up to her what she did, but continued to ask her

questions. The interview then continued until its conclusion, during which Defendant made incriminating statements.

**II. DISCUSSION**

Defendant contends that her videotaped statements should be suppressed because she invoked her right to remain silent. The Court agrees.

When Defendant was first asked whether she was willing to answer questions without an attorney, Defendant responded, "I don't have anything to say" and then muttered something unintelligible. The Ninth Circuit has held that similar statements constitute an invocation of the right to remain silent. For example, in United States v. Bushyhead, 270 F.3d 905, 912 (9th Cir. 2001), the Ninth Circuit held that the defendant invoked his right to remain silent when he said, "I have nothing to say, I'm going to get the death penalty anyway." According to the Ninth Circuit, "[N]either the Supreme Court nor this court has required that a suspect seeking to invoke his right to silence provide any statement more explicit or more technically-worded than, 'I have nothing to say.'" Arnold v. Runnels, 421 F.3d 859, 865 (9th Cir. 2005).

Although not all of Defendant's response was intelligible, Defendant's statement, "I don't have anything to say" was audible. On the videotape, Defendant faintly shakes her head while making the statement. Defendant's words in conjunction with her body language were an unequivocal invocation of the right to remain silent. Agent Manzo should have ceased the interview at that point.

The continued interview of Defendant was in violation of her right to remain silent. Therefore, Defendant's motion to suppress her videotaped statements is granted.[1]

---

[1] Defendant contends that her later statement, "I don't think I should say anything," is a reiteration of her initial invocation of her right to remain silent. The Court disagrees. The later statement is equivocal and not sufficient to invoke the right to remain silent. See Burket v. Angelone, 208 F.3d 172, 200 (4th Cir. 2000) (holding that defendant's statement, "I just don't think that I should say anything," was not an unequivocal request to remain silent."); Berghuis v. Thompkins, __ U.S. __, 130 S. Ct. 2250, 2259-60 (2010) (clarifying that absent an unambiguous invocation of the right to remain silent, there is no requirement that the interrogation be ended or that clarifying questions be asked).

However, the Court finds that Defendant's statements were voluntary and not the product of coercive conduct. Therefore, the statements may be used for impeachment purposes as permitted by case law. See Harris v. New York, 401 U.S. 222, 224-26 (1971); Pollard v. Galaza, 290 F.3d 1030, 1033 (9th Cir. 2002).

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to suppress her videotaped statements is **GRANTED**.

**IT IS SO ORDERED.**

DATED: May 18, 2012

*[signature]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court